IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL C. BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-CV-4163-JPG |
| CHRISTOPHER HEID, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Brooks' motion to Strike Portions of Answer and Affirmative Defense pursuant to FRCP 12(f) (Doc. 8). Defendant has not responded to this motion. Despite this fact, for the following reasons, this motion will be **DENIED**.

**BACKGROUND**

Brooks' claims the Court should strike certain portions of Heid's answer and affirmative defenses for various reasons. Among other things, Brooks claims certain portions of this pleading are superfluous, conclusory, duplicitous, vague and ambiguous. Brooks has not cited any authority other than the text of Rule 12(f) in support of her motion. Though the Court might share some of Brooks' concerns, it is not necessary for the Court to strike these portions of the answer and affirmative defenses at this time.

**ANALYSIS**

Under Federal Rule of Civil Procedure 12(f), upon a motion or upon its own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because

they are often employed for the sole purpose of causing delay.  *See Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (discussing Rule 12(f) and stating that "[C]ourts should not tamper with pleadings unless there is a strong reason for so doing.").  Also, mere immateriality is not sufficient to justify striking an allegation—the allegation must also be shown to be prejudicial to the moving party.  *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992); *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D.Ill. 1997); *Hardin v. American Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999).  The burden on a motion to strike is upon the moving party. *Talbo*t, 961 F.2d at 664; *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F.Supp.2d 1028 (N.D.Ill. 1998).

Brooks has failed to argue that any portions of the answer and affirmative defenses are prejudicial to her.  Perhaps they are, but the Court is certainly under no obligation to craft arguments for her on the point.  *See Spath v. Hayes Wheels Int'l–Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000).  Additionally, Brooks' motion to strike puts forward little or no argument for the Court to consider.  Brooks does not cite to any case and the motion is not accompanied by a supporting brief.  Even if the Court were to consider the merits of Brooks' motion, it would not likely succeed. In this case, Brooks' unsupported conclusory statements appear far from carrying her burden. If necessary, the Court can determine the merits of Heid's affirmative defense at a later time—such as at the summary judgment stage.

## CONCLUSION

Brooks' motion (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 29, 2006.

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**

-3-

**Dated: March 29, 2006.**

/s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**